James Court Michau
Attorney at Law, CA# 275912
12 St Ann Drive
Santa Barbara, CA 93109
Attorney for Plaintiff
Mr. A. Arthur Fisher

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

MR. A. ARTHUR FISHER,

    Plaintiff,

vs.

VIP SEATS INC., MS. DELLA GIAMMUSSO

    Defendant

Case No.: 2:15-cv-9922

**COMPLAINT FOR COPYRIGHT**

1. **JURISDICTION AND VENUE**

    *a.* This action arises under 17 U.S.C. §§ 101 *et seq.*
    *b.* This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 and 28 U.S.C. § 1338.
    *c.* Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1400(a), as defined by 28 U.S.C.§ 1391(b) and (c).
    *d.* Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(a) because Defendants conduct business in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

2. **PARTIES**

    *a.* Mr. A. Arthur Fisher is an individual citizen of California residing in Santa Barbara, CA.
    *b.* VIP Seats buys and sells event tickets for individuals, groups and businesses.  The firm is located in Williamsville, New York. The firm sells tickets for events held worldwide.  Ms. Della Giammusso owns the firm and serves as the firm's alter ego.

3. **FACTUAL BACKGROUND**

    *a.* Mr. Fisher is an established, professional photographer residing in Santa Barbara, California. In fact, Mr. Fisher has reached such a level of reputation and skill that he

   is the official commissioned photographer for certain Santa Barbara venues, including the Santa Barbara Bowl. A number of Mr. Fisher's commercial images for the Santa Barbara Bowl can be viewed at his online gallery at http://artfisher.com/gallery/places/santa_barbara_bowl. Mr. Fisher includes his watermark on the photos used on the Santa Barbara Bowl's official website https://sbbowl.com and its gallery at http://gallery.sbbowl.com/.

   b. For 20 years, Mr. Fisher has licensed and published his photographs to third parties including his primary client the Santa Barbara Bowl.

   c. When licensing and publishing his photography, Mr. Fisher always includes a visible watermark that notices Mr. Fisher as the artisan and the copyright holder of his photographs. Mr. Fisher also includes embedded copyright management information known as metadata in his photographs which further identifies Mr. Fisher as the copyright holder of his photographs. Despite this fact, and because of the popularity of Mr. Fisher's photography, Mr. Fisher is constantly required to protect its rights in against willful infringers who believe that they can do as they please without any consequences and in violation of the law.

   d. Mr. Fisher has gone to great lengths to protect his copyrights. Mr. Fisher registers all of his artwork with the U.S. Copyright Office, places his watermark on his photographs, and embeds electronic metadata identifying Mr. Fisher as the copyright holder on his photographs. Furthermore, Mr. Fisher requires licensees of his photography to include identifying information when publishing his photographs to notice third parties that Mr. Fisher holds the copyrights to his photographs.

4. **THE INFRINGED PHOTOGRAPHY**

   a. Mr. Fisher published the photograph at issue (AF030809-8930), but hereinafter referred to as the ("Photograph") on or about July 7, 2011. The Photograph was registered with the United States Copyright Office as part of a group registration (VA 1-780-784; July 7, 2011). A copy of the original, uncropped version of the Photograph, US Copyright registration, are included in **Exhibit A.**

   b. The Photograph was published on the Santa Barbara Bowl Foundation's website on or about January 9, 2003. When displaying the Photograph, the Santa Barbara Bowl included both Mr. Fisher's watermark on the photograph and metadata embedded in the Photograph.

   c. Since on or about March 31, 2005, Mr. Fisher has both published and licensed the Photograph in compliance with the copyright laws and has remained the sole owner of the copyright.

   d. After the copyright was issued, the defendant violated the copyright by posting the Photograph on its commercial website.

   e. A copy of defendant's infringing use of the photograph including the infringing photograph taken from the defendant's website are attached as **Exhibit B**.

   f. VIP Seats used the photograph to promote and sell tickets to concerts at the Santa Barbara Bowl on the following site.https://www.vipseats.com/venues/santa-barbara-bowl-santa-barbara-ca.html.

    g. VIP seats used the photograph without Mr. Fisher's authorization to sell tickets to multiple different concerts at the Santa Barbara Bowl as can be seen in **Exhibit B.**

    h. Mr. Fisher's watermark was displayed on the image that VIP Seats displayed on its website- indicating that VIP Seats knew that Mr. Fisher held copyrights to the photograph.

5. The plaintiff worked diligently to try to resolve this matter out of Court. See, **Exhibit. C**. The defendant failed to respond to plaintiff's demands for information and failed to enter into good faith negotiations with plaintiff to resolve this matter. Defendant did remove the photograph from its commercial website, indicating that defendant received plaintiff's correspondences.

6. To date defendant has not responded to plaintiff's demand for information, or has defendant attempted to resolve this matter out of Court.

7. The defendant used the Photograph without Mr. Fisher's permission in violation of Mr. Fisher's copyrights.

8. Therefore, the plaintiff demands that:

    *(a)* until this case is decided the defendant and the defendant's agents be enjoined from displaying any copies of the plaintiff's photographs on any of defendant's websites.

    *(b)* the defendant account for and pay as damages to the plaintiff all profits and advantages gained from the use of plaintiff's photographs, and all profits and advantages gained from infringing the plaintiff's copyright (but no less than the statutory minimum);

    *(c)* the defendant pay the plaintiff interest, costs, and reasonable attorney's fees; and

    *(d)* the plaintiff be awarded any other just relief.

Date: December 28, 2015

James C. Michau
Attorney at Law
CA# 275912

2:15-CV-09922 FISHER V. VIP SEATS ET AL